**Appeal No. 22-1385**

---

**United States Court of Appeals
For The Fourth Circuit**

---

Gregory Krehbiel,

*Plaintiff-Appellant*,

v.

BrightKey Corp.,

*Defendant-Appellee*.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---

**JOINT APPENDIX**

Michael E. Rosman
Michelle Scott
CENTER FOR INDIVIDUAL
RIGHTS
1100 Connecticut Ave. NW Suite 625
Washington, DC 20036
(202) 833-8400

Stephen M. Cornelius
Courtney M. Watkins
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Dr., 4th Floor
Hanover, MD 21076
(410) 752-7474

Attorneys for Gregory Krehbiel

Attorneys for BrightKey Corp.

# TABLE OF CONTENTS

<u>Description</u>                                          <u>Appendix Number</u>

Docket Sheet  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA1

Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA5

Answer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA12

Amended Complaint  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA18

Memorandum Opinion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA25

Order  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA34

Notice of Appeal  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  JA35

APPEAL,CLOSED

# U.S. District Court
## District of Maryland (Baltimore)
## CIVIL DOCKET FOR CASE #: 1:21-cv-02927-RDB

| | |
|---|---|
| Krehbiel v. BrightKey, Inc. | Date Filed: 11/15/2021 |
| Assigned to: Judge Richard D. Bennett | Date Terminated: 03/04/2022 |
| Case in other court:  Fourth Circuit Court of Appeals, 22-01385 | Jury Demand: None |
| Cause: 42:1983ed Civil Rights (Employment Discrimination) | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Gregory Krehbiel**                    represented by **Michael Evan Rosman**
Center for Individual Rights
1100 Connecticut Ave. NW
Suite 625
Washington, DC 20036
202-833-8400
Fax: 202-833-8410
Email: rosman@cir-usa.org
*ATTORNEY TO BE NOTICED*


V.

**Defendant**

**BrightKey, Inc.**                    represented by **Stephen M Cornelius**
Eccleston and Wolf PC
7240 Parkway Dr Fourth Fl
Hanover, MD 21076
4107527474
Fax: 4107520611
Email: cornelius@ewmd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Courtney Morgan Watkins**
Eccleston and Wolf, P.C.
7240 Parkway Drive, 4th Floor
Hanover, MD 21076
(410) 752-7474
Fax: 410-752-0611
Email: watkins@ewmd.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

JA1

| | | |
|---|---|---|
| 11/15/2021 | 1 | COMPLAINT against BrightKey, Inc. ( Filing fee $ 402 receipt number 0416-9606391.), filed by Gregory Krehbiel. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(Rosman, Michael) (Entered: 11/15/2021) |
| 11/17/2021 | 2 | Summons Issued 21 days as to BrightKey, Inc..(kk5s, Deputy Clerk) (Entered: 11/17/2021) |
| 11/29/2021 | 3 | [FILED IN ERROR] AFFIDAVIT of Service for summons and complaint served on BrightKey, Inc. on 4/22/2021, filed by Gregory Krehbiel.(Rosman, Michael) Modified on 11/30/2021 (kk5s, Deputy Clerk). (Entered: 11/29/2021) |
| 11/30/2021 | 4 | QC NOTICE: 3 Affidavit of Service filed by Gregory Krehbiel was filed incorrectly. **Incorrect event used. Refile using the event "summons returned executed" and input the date of service. It has been noted as FILED IN ERROR, and the document link has been disabled.** (kk5s, Deputy Clerk) (Entered: 11/30/2021) |
| 11/30/2021 | 5 | SUMMONS Returned Executed by Gregory Krehbiel. BrightKey, Inc. served on 11/22/2021, answer due 12/13/2021.(Rosman, Michael) (Entered: 11/30/2021) |
| 12/13/2021 | 6 | NOTICE of Appearance by Courtney Morgan Watkins on behalf of BrightKey, Inc. (Watkins, Courtney) (Entered: 12/13/2021) |
| 12/13/2021 | 7 | NOTICE of Appearance by Stephen M Cornelius on behalf of BrightKey, Inc. (Cornelius, Stephen) (Entered: 12/13/2021) |
| 12/13/2021 | 8 | Local Rule 103.3 Disclosure Statement by BrightKey, Inc. identifying Other Affiliate Travelers Casualty & Surety Company of America for BrightKey, Inc..(Watkins, Courtney) (Entered: 12/13/2021) |
| 12/13/2021 | 9 | MOTION to Dismiss for Failure to State a Claim by BrightKey, Inc. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Watkins, Courtney) (Entered: 12/13/2021) |
| 12/13/2021 | 10 | Supplemental to 9 MOTION to Dismiss for Failure to State a Claim filed by BrightKey, Inc. *Ex. 1 - Contingent Offer of Employment* (Watkins, Courtney) (Entered: 12/13/2021) |
| 12/13/2021 | 11 | ANSWER to 1 Complaint by BrightKey, Inc..(Watkins, Courtney) (Entered: 12/13/2021) |
| 12/23/2021 | 12 | Consent MOTION for Extension of Time by Gregory Krehbiel (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Rosman, Michael) Modified on 12/23/2021 (hmls, Deputy Clerk). (Entered: 12/23/2021) |
| 12/23/2021 | 13 | ORDER GRANTING 12 Motion for Extension of Time to File Response/Reply re 9 MOTION to Dismiss for Failure to State a Claim. Signed by Judge Richard D. Bennett on 12/23/2021. (hmls, Deputy Clerk) (Entered: 12/23/2021) |
| 01/03/2022 | 14 | [FILED IN ERROR] AMENDED COMPLAINT against Gregory Krehbiel, filed by Gregory Krehbiel.(Rosman, Michael) Modified on 1/3/2022 (kk5s, Deputy Clerk). (Entered: 01/03/2022) |
| 01/03/2022 | 15 | [FILED IN ERROR] AMENDED COMPLAINT against BrightKey, Inc., filed by Gregory Krehbiel.(Rosman, Michael) Modified on 1/3/2022 (kk5s, Deputy Clerk). (Entered: 01/03/2022) |

JA2

| 01/03/2022 | 16 | QC NOTICE: 15 Amended Complaint filed by Gregory Krehbiel, 14 Amended Complaint filed by Gregory Krehbiel needs to be corrected. It has been noted as FILED IN ERROR, and the document link has been disabled. These are duplicate filings. The following corrective actions are needed regarding missing or incomplete information: ***Redline copy has not been filed. Please re-file the clean version of the amended complaint as the main document and the redline version as an attachment to the amended complaint.* (kk5s, Deputy Clerk) (Entered: 01/03/2022) |
|---|---|---|
| 01/03/2022 | 17 | AMENDED COMPLAINT against BrightKey, Inc., filed by Gregory Krehbiel. (Attachments: # 1 Attachment redlined amended complaint)(Rosman, Michael) (Entered: 01/03/2022) |
| 01/10/2022 | 18 | RESPONSE to Motion re 9 MOTION to Dismiss for Failure to State a Claim filed by Gregory Krehbiel.(Rosman, Michael) (Entered: 01/10/2022) |
| 01/18/2022 | 19 | NOTICE by BrightKey, Inc. *Line - Defendant's Partial Motion to Dismiss* (Watkins, Courtney) (Entered: 01/18/2022) |
| 01/18/2022 | 20 | MOTION to Dismiss for Failure to State a Claim by BrightKey, Inc. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1 - Contingent Offer of Employment, # 3 Text of Proposed Order)(Watkins, Courtney) (Entered: 01/18/2022) |
| 02/01/2022 | 21 | RESPONSE in Opposition re 20 MOTION to Dismiss for Failure to State a Claim filed by Gregory Krehbiel. (Attachments: # 1 Text of Proposed Order)(Rosman, Michael) (Entered: 02/01/2022) |
| 02/14/2022 | 22 | ORDER finding as moot 9 Motion to Dismiss for Failure to State a Claim - in light of the Amended Motion to Dismiss that has been filed in this case. Signed by Judge Richard D. Bennett on 2/14/2022. (Bennett, Richard) (Entered: 02/14/2022) |
| 02/16/2022 | 23 | REPLY to Response to Motion re 20 MOTION to Dismiss for Failure to State a Claim filed by BrightKey, Inc..(Watkins, Courtney) (Entered: 02/16/2022) |
| 02/16/2022 | 24 | REQUEST for Extension of Time to File *Reply* (Attachments: # 1 Attachment 1 - Notice of Electric Filing, # 2 Attachment 2 - PACER Account Registration, # 3 Attachment 3 - PACER Error Messages)(Watkins, Courtney) (Entered: 02/16/2022) |
| 02/17/2022 | 25 | MARGINAL ORDER approving 24 Request for Extension of Time to File Reply filed by BrightKey, Inc.. Signed by Judge Richard D. Bennett on 2/17/2022. (kk5s, Deputy Clerk) (Entered: 02/17/2022) |
| 03/04/2022 | 26 | MEMORANDUM OPINION. Signed by Judge Richard D. Bennett on 3/4/2022. (hmls, Deputy Clerk) (Entered: 03/04/2022) |
| 03/04/2022 | 27 | ORDER GRANTING 20 Motion to Dismiss for Failure to State a Claim. Signed by Judge Richard D. Bennett on 3/4/2022. (hmls, Deputy Clerk) (Entered: 03/04/2022) |
| 04/01/2022 | 28 | NOTICE OF APPEAL as to 27 Order on Motion to Dismiss for Failure to State a Claim by Gregory Krehbiel. Filing fee $ 505, receipt number AMDDC-9853033.(Rosman, Michael) (Entered: 04/01/2022) |
| 04/01/2022 | 29 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 28 Notice of Appeal. IMPORTANT NOTICE: To access forms which you are required to file with the United States Court of Appeals for the Fourth Circuit please go to http://www.ca4.uscourts.gov and click on Forms & Notices.(slss, Deputy Clerk) (Entered: 04/01/2022) |

JA3

| 04/08/2022 | 30 | USCA Case Number 22-1385 for 28 Notice of Appeal filed by Gregory Krehbiel - Case Manager - Cathy Poulsen.(slss, Deputy Clerk) (Entered: 04/08/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/28/2022 12:48:19 | | |
| **PACER Login:** | Cirfiler | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:21-cv-02927-RDB |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

JA4

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

--------------------------------------------------------------------------------x

GREGORY KREHBIEL,                                          :
10108 Madronawood Dr.
Laurel, MD 20708                                          :
Prince George's County, MD
                                                          :

        Plaintiff,
                                                          :

              -against-                                      No. 21-cv-2927
                                                          :

BRIGHTKEY, INC.,                                          :
9050 Junction Dr.
Annapolis Junction, MD 20701                              :
Howard County, MD
                                                          :

        Defendant.                                        :

--------------------------------------------------------------------------------x

## COMPLAINT

        This is an action for race and political opinion discrimination in violation of the federal

and state law and for breach of contract.


### JURISDICTION AND VENUE


1.      This is an action arising under the laws of the United States.  Jurisdiction is vested

in this Court pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1367, and 42 U.S.C. § 2000e-5(f).


2.      Venue is proper in this Court because the acts complained of took place in this

district.


### PARTIES


3.      Plaintiff is a citizen of the United States and the State of Maryland, and a former

employee of defendant BrightKey, Inc.  He is white.

4.      Defendant BrightKey, Inc. ("BrightKey") is a Maryland corporation with its primary operations in an unincorporated area of Howard County, Maryland known as Annapolis Junction.  It has more than 20 full-time employees, its activities affect interstate commerce, and it is an employer as defined in 42 U.S.C. § 2000e(b), Maryland Code, State Government § 20-601, and Howard County Charter § 12-208.I(d).

FACTUAL BACKGROUND

5.      Plaintiff is a publishing, marketing, fulfillment, and operations professional. Defendant BrightKey retained Plaintiff in December 2019 as a consultant to perform these functions.  Defendant BrightKey hired Plaintiff in February 2020 as a full-time employee with the title Vice President of Operations.  His primary tasks were supervising and overseeing client support and warehouse operations.  His superiors at BrightKey told him that he was doing good work, and he received a $10,000 bonus because of the excellence of his work shortly after he began working there.

6.      Plaintiff also puts out a podcast with a friend of his where the two assess craft beers and speak about various issues of the day.  (There is also an associated website.)  The two often have shows on salient and controversial public issues.  Prior to starting full-time employment with BrightKey, Plaintiff spoke with BrightKey's President Rita Hopes to apprise her of the podcast and website, and make sure that it would not be objectionable to BrightKey. Ms. Hopes told Plaintiff that what he did on his own time was his business and would not affect

2

JA6

his employment at BrightKey.

7.     In reliance on BrightKey's promise concerning his off-the-job activities, Plaintiff

accepted full-time employment at BrightKey.  Plaintiff's employment relationship with

BrightKey was contractual: BrightKey paid Plaintiff a salary in exchange for performing his job

duties.

8.     In two podcasts broadcast later in 2020, Plaintiff and his co-host discussed various

government policies, *viz.*, diversity requirements and goals in various settings and the

promulgation of "hate crimes" (that is, crimes motivated by a dislike for individuals because of

their membership in groups defined by specific prohibited criteria).  During the podcasts, Plaintiff

expressed skepticism over the propriety of government policies relating to diversity goals and

"hate crimes."

9.     The podcasts in question came to the attention of employees of BrightKey who

objected strenuously to a white person like Plaintiff expressing such views.  Specifically, they

claimed that Plaintiff, because of his race and the views he expressed on diversity and hate

crimes, was advocating "white privilege" and should be terminated from his position as Vice

President of Operations.  They communicated this demand to BrightKey.

10.     The employees walked off their jobs and refused to work in order to pressure

BrightKey into firing Plaintiff.  They were motivated by Plaintiff's race and political opinions in

demanding that he be terminated.

11.     Despite its earlier promise to Plaintiff that his off-the-job podcast was his own

business and would not affect his role at BrightKey, BrightKey quickly acceded to the wishes of the objecting employees and fired Plaintiff. In acceding to their demands, BrightKey knew that the objecting employees were motivated by Plaintiff's race and political opinions in insisting that he be fired.

12.    After his firing, Plaintiff has had difficulty finding work and has lost income. He also has lost his employer-supplied health insurance.

13.    Plaintiff has suffered emotional distress as a consequence of BrightKey's firing him because of his race and political opinions, his difficulty in finding work during the Covid-19 pandemic, and the damage to his good name.

14.    Plaintiff timely filed an administrative complaint alleging discrimination on the basis of race and political opinion with the Howard County Office of Human Rights and Equity on or around December 22, 2020.

15.    Plaintiff received a notice of right to sue letter from the EEOC on or around October 6, 2021.

<u>FIRST CLAIM FOR RELIEF</u>
(for race discrimination in violation of Title VII, Section 1981, the Maryland Fair Employment Practices Act, and Howard County Charter)

16.    Plaintiff hereby incorporates all of the previous allegations of this complaint.

17.    By terminating Plaintiff because of his race, BrightKey violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), 42 U.S.C. § 1981, the Maryland Fair

4

Employment Practices Act (Maryland Code, State Gov't §§ 20-601), and Howard County Charter

§ 12.208.

18.    Plaintiff timely filed an administrative complaint and has exhausted his

administrative remedies.

19.    Plaintiff is entitled to backpay and compensatory damages.

### SECOND CLAIM FOR RELIEF
(for political opinion discrimination in violation of Maryland Code State Gov't § 20-1202 and
Howard County Charter § 12.208)

20.    Plaintiff hereby incorporates all of the previous allegations of this complaint.

21.    By terminating Plaintiff because of his political opinion, BrightKey violated

Howard County Charter § 12.208.  Plaintiff is authorized to bring this suit pursuant to Maryland

Code State Gov't § 20-1202.

22.    Plaintiff timely filed an administrative complaint and has exhausted his

administrative remedies.

23.    Plaintiff is entitled to backpay and compensatory damages.

### THIRD  CLAIM FOR RELIEF (for breach of contract)

24.    Plaintiff incorporates all prior allegations.

25.    To induce Plaintiff to accept full-time employment at BrightKey as its Vice

President for Operations, BrightKey stated that his podcast activities off-the-job were his own

business and would not affect his position at BrightKey.  Plaintiff relied on BrightKey's

representation in accepting full-time employment.

26.     BrightKey breached its contract with Plaintiff when it terminated him because of

pressure it received from the other employees, who thought that whites should not be able to

express the political opinions that Plaintiff expressed in his podcasts.

27.     Plaintiff has suffered damages and will continue to suffer damages as a

consequence of this breach of contract.

## Demand For Judgment

WHEREFORE plaintiff demands judgment:

A.     Backpay and/or frontpay;

B.     Damages in an amount to be determined;

C.     Attorney's fees and costs pursuant to 28 U.S.C. § 1920 and 42 U.S.C. §§ 1988 and

2000e-5(k), Maryland Code, State Government §§ 20-1015 and 20-1202(d), or any other

applicable authority; and

D..     Any other relief that is appropriate.

Dated:  November 15, 2021

*/s/ Michael E. Rosman*

Michael E. Rosman
Bar No. 19716
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
Phone: (202) 833-8400 x 104
Facsimile: (202) 833-8410
Email: rosman@cir-usa.org

7

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

**GREGORY KREHBIEL,**

     Plaintiff

v.

**BRIGHTKEY, INC.,**

     Defendant

**Case No.  1:21-CV-02927-RDB**

## ANSWER TO COMPLAINT

Defendant, BrightKey, Inc., by and through its attorneys, Stephen M. Cornelius, Courtney M. Watkins and Eccleston and Wolf, P.C., hereby files this Answer to Plaintiff's Complaint in the above-captioned matter and states as follows:

The introductory paragraph to the Complaint does not contain statements of fact warranting a response.  However, to the extent a response is required, the allegations are denied.

### JURISDICTION AND VENUE

1-2.    The allegations contained in Paragraphs 1-2 of the Complaint constitute legal conclusions to which no response is required.

### PARTIES

3.    Upon information and belief, the allegations contained in Paragraph 3 of the Complaint are admitted.

4.    Defendant admits that it is a Maryland corporation, with more than twenty (20) full-time employees. Defendant's principal office is located in Anne Arundel County, Maryland at 60 West Street, Third Floor, Annapolis, MD 21401. Defendant admits that it maintains an additional office located in Howard County, Maryland at 9050 Junction Drive, Annapolis Junction, MD

20701. The remaining allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required.

## FACTUAL BACKGROUND

5.     The allegations contained in the first four sentences in Paragraph 5 of the Complaint are admitted. The allegations contained in the fifth sentence in Paragraph 5 of the Complaint are denied as phrased.

6.     The allegations contained in the first two sentences and parenthetical of Paragraph 6 of the Complaint constitute an improper pleading of evidence. To the extent an additional response is required, the podcasts and website referenced in the first two sentences and parenthetical of Paragraph 6 speak for themselves and therefore require no explanation, discussion or amplification by Defendant. To the extent a further response is required, the allegations contained in the first two sentences and parenthetical of Paragraph 6 are denied as phrased.  The remaining allegations contained in Paragraph 6 of the Complaint are denied.

7.     Denied.

8.     The allegations contained in Paragraph 8 of the Complaint constitute an improper pleading of evidence. To the extent an additional response is required, the podcasts referenced in Paragraph 8 speak for themselves and therefore require no explanation, discussion or amplification by Defendant. To the extent a further response is required, the allegations contained in Paragraph 8 are denied as phrased.

9.     Defendant admits that Plaintiff's podcasts came to the attention of BrightKey employees after Plaintiff posted a link to his YouTube channel on his professional LinkedIn profile.  The remaining allegations contained in Paragraph 9 of the Complaint are denied.

10.      Defendant admits that some BrightKey employees participated in a walkout following their discovery of Plaintiff's YouTube channel. Defendant is without knowledge or any information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11.      Denied.

12.      Defendant is without knowledge or any information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.      Denied.

14.      The timeliness of Plaintiff's administrative complaint constitutes a legal conclusion to which no response is required. The remaining allegations contained in Paragraph 14 of the Complaint are admitted.

15.      Defendant is without knowledge or any information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

## FIRST CLAIM FOR RELIEF

16.      Plaintiff's incorporation of previous allegations does not warrant a response. *See* Answers to Paragraphs 1-15, *supra*.

17.      Denied.

18.      The allegations contained in Paragraphs 18 of the Complaint constitute legal conclusions to which no response is required.

19.      Denied.

## SECOND CLAIM FOR RELIEF

20.      Plaintiff's incorporation of previous allegations does not warrant a response. *See* Answers to Paragraphs 1-19, *supra*.

21.     The allegations contained in the first sentence of Paragraph 21 of the Complaint are denied.  The allegations contained in the second sentence of Paragraphs 21 of the Complaint constitute legal conclusions to which no response is required.

22.     The allegations contained in Paragraphs 22 of the Complaint constitute legal conclusions to which no response is required.

23.     Denied.

### THIRD CLAIM FOR RELIEF

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant filed a Partial Motion to Dismiss Count III.  *See* ECF No. 9.

### DEMAND FOR JUDGMENT

Defendant denies that Plaintiff is entitled to the relief requested in the Demand for Judgment section of the Complaint.

### GENERAL, NEGATIVE AND AFFIRMATIVE DEFENSES

1.     All allegations in the Complaint not specifically admitted herein are denied.

2.     Defendant generally denies liability.

3.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4.     Plaintiff cannot establish a *prima facie* claim necessary to recover under the identified statutes.

5.     Plaintiff is barred from recovery because he was an at-will employee whose employment could be terminated by either party at any time, for any reason, with or without notice.

6.     Plaintiff failed to mitigate any damages allegedly suffered, which failure bars or reduces any recovery.

7.     Plaintiff cannot establish entitlement to an award of compensatory damages.

8.      Plaintiff's claims are barred by principles of laches, and/or the applicable statute of limitations.

9.      Plaintiff's claims are barred by principles of contributory negligence and assumption of risk.

10.     Plaintiff's claims are barred by principles of estoppel and fraud.

11.     Plaintiff's claims are barred by principles of release and/or waiver.

12.     Plaintiff's alleged damages, if any, are reduced and/or offset by amounts received by Plaintiff from other sources, including but not limited to, compensation received from separate employment, independent consulting, etc.

13.     Defendant denies the existence or execution of a contract or written instrument.

14.     Defendant invokes each and every defense available to it under the Federal Rules of Civil Procedure.

15.     Defendant reserves the right to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under applicable substantive law.

**WHEREFORE**, Defendant, BrightKey, Inc., requests that the claims asserted against it by the Plaintiff in the Complaint be dismissed, with prejudice, and requests such other and further relief as this Court deems just and proper.

JA16

Respectfully submitted,


/s/Stephen M. Cornelius                         /s/Courtney M. Watkins
Stephen M. Cornelius (Bar No. 29975)            Courtney M. Watkins (Bar No. 21151)
ECCLESTON & WOLF, P.C.                          ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center                 Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor                   7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378                          Hanover, MD 21076-1378
(410) 752-7474 (phone)                          (410) 752-7474
(410) 752-0611 (fax)                            (410) 752-0611 (fax)
E-mail: cornelius@ewmd.com                      E-mail: watkins@ewmd.com
*Attorney for Defendant*                        *Attorney for Defendant*


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of December, 2021, copies of the foregoing

Answer to Complaint were served electronically through CM/ECF upon all parties/counsel of

record.


/s/Stephen M. Cornelius
Stephen M. Cornelius (29975)

JA17

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION
------------------------------------------------------x

GREGORY KREHBIEL,                          :

     Plaintiff,                             :

         -against-                      :   Case No. 1:21-cv-02927-RDB

BRIGHTKEY, INC.,                           :

     Defendant.                             :

------------------------------------------------------x

## AMENDED COMPLAINT

This is an action for race and political opinion discrimination in violation of the federal and state law and for breach of contract.

### JURISDICTION AND VENUE

1.     This is an action arising under the laws of the United States.  Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1367, and 42 U.S.C. § 2000e-5(f).

2.     Venue is proper in this Court because the acts complained of took place in this district.

### PARTIES

3.     Plaintiff is a citizen of the United States and the State of Maryland, and a former employee of defendant BrightKey, Inc.  He is white.

4.     Defendant BrightKey, Inc. ("BrightKey") is a Maryland corporation with its

primary operations in an unincorporated area of Howard County, Maryland known as Annapolis

Junction.  It has more than 20 full-time employees, its activities affect interstate commerce, and it

is an employer as defined in 42 U.S.C. § 2000e(b), Maryland Code, State Government § 20-601,

and Howard County Charter § 12-208.I(d).

## FACTUAL BACKGROUND

5.      Plaintiff is a publishing, marketing, fulfillment, and operations professional.

Defendant BrightKey retained Plaintiff in December 2019 as a consultant to perform tasks relying

on this expertise.  Defendant BrightKey hired Plaintiff in February 2020 as a full-time employee

with the title Vice President of Operations.  His primary tasks were supervising and overseeing

client support and warehouse operations.  His superiors at BrightKey told him that he was doing

good work, and he received a $10,000 bonus because of the excellence of his work shortly after

he began working there.

6.      Plaintiff also puts out a podcast with a friend of his where the two assess craft

beers and speak about various issues of the day.  (There is also an associated website.)  The two

often have shows on salient and controversial public issues.  Prior to starting full-time

employment with BrightKey, Plaintiff spoke with BrightKey's President Rita Hope Counts to

apprise her of the podcast and website, and make sure that it would not be objectionable to

BrightKey.  Ms. Counts told Plaintiff that what he did on his own time was his business and

would not affect his employment at BrightKey.

7.      In reliance on BrightKey's promise and representation concerning his off-the-job

2

activities, Plaintiff accepted full-time employment at BrightKey and continued in that

employment.  Plaintiff's employment relationship with BrightKey was contractual: BrightKey

paid Plaintiff a salary in exchange for performing his job duties.

8.    In two podcasts broadcast later in 2020, Plaintiff and his co-host discussed various

government policies, *viz.*, diversity requirements and goals in various settings and the

promulgation of "hate crimes" (that is, crimes motivated by a dislike for individuals because of

their membership in groups defined by specific prohibited criteria).  During the podcasts, Plaintiff

expressed skepticism over the propriety of government policies relating to diversity goals and

"hate crimes."

9.    The podcasts in question came to the attention of employees of BrightKey who

objected strenuously to a white person like Plaintiff expressing such views.  Specifically, they

claimed that Plaintiff, because of his race and the views he expressed on diversity and hate

crimes, was advocating "white privilege" and should be terminated from his position as Vice

President of Operations.  They communicated this demand to BrightKey.

10.    The employees walked off their jobs and refused to work in order to pressure

BrightKey into firing Plaintiff.  They were motivated by Plaintiff's race and political opinions in

demanding that he be terminated.

11.    Despite its earlier promise to Plaintiff that his off-the-job podcast was his own

business and would not affect his role at BrightKey, BrightKey quickly acceded to the wishes of

the objecting employees and fired Plaintiff.  In acceding to their demands,  BrightKey knew that

3

the objecting employees were motivated by Plaintiff's race and political opinions in insisting that he be fired.

12.    After his firing, Plaintiff has had difficulty finding work and has lost income. He also has lost his employer-supplied health insurance.

13.    Plaintiff suffered depression, insomnia, and emotional distress as a consequence of BrightKey's firing him, his difficulty in finding work during the Covid-19 pandemic, and the damage to his good name.

14.    Plaintiff timely filed an administrative complaint alleging discrimination on the basis of race and political opinion with the Howard County Office of Human Rights and Equity on or around December 22, 2020.

15.    Plaintiff received a notice of right to sue letter from the EEOC on or around October 6, 2021.

<u>FIRST CLAIM FOR RELIEF</u>
(for race discrimination in violation of Title VII, Section 1981, the Maryland Fair Employment Practices Act, and Howard County Charter)

16.    Plaintiff hereby incorporates all of the previous allegations of this complaint.

17.    By terminating Plaintiff because of his race, BrightKey violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), 42 U.S.C. § 1981, the Maryland Fair Employment Practices Act (Maryland Code, State Gov't §§ 20-601), and Howard County Charter § 12.208.

4

18.     Plaintiff timely filed an administrative complaint and has exhausted his administrative remedies.

19.     Plaintiff is entitled to backpay and compensatory damages.

<u>SECOND CLAIM FOR RELIEF</u>
(for political opinion discrimination in violation of Maryland Code State Gov't § 20-1202 and Howard County Charter § 12.208)

20.     Plaintiff hereby incorporates all of the previous allegations of this complaint.

21.     By terminating Plaintiff because of his political opinion, BrightKey violated Howard County Charter § 12.208.  Plaintiff is authorized to bring this suit pursuant to Maryland Code State Gov't § 20-1202.

22.     Plaintiff timely filed an administrative complaint and has exhausted his administrative remedies.

23.     Plaintiff is entitled to backpay and compensatory damages.

<u>THIRD  CLAIM FOR RELIEF (for breach of contract)</u>

24.     Plaintiff incorporates all prior allegations.

25.     To induce Plaintiff to accept and continue full-time employment at BrightKey as its Vice President for Operations, BrightKey stated that his podcast activities off-the-job were his own business and would not affect his position at BrightKey.  Plaintiff relied on BrightKey's representation in accepting and continuing full-time employment.

5

JA22

26.     BrightKey breached its contract with Plaintiff when it terminated him because of pressure it received from the other employees, who thought that whites should not be able to express the political opinions that Plaintiff expressed in his podcasts.

27.     Plaintiff has suffered damages and will continue to suffer damages as a consequence of this breach of contract.

FOURTH  CLAIM FOR RELIEF (for negligent misrepresentation)

28.     Plaintiff incorporates all prior allegations.

29.     To induce Plaintiff to accept and continue full-time employment at BrightKey as its Vice President for Operations, BrightKey stated that his podcast activities off-the-job were his own business and would not affect his position at BrightKey.  BrightKey was negligent in making this representation because it would, in fact, terminate employees based on statements made outside of work, including on podcasts, and failed to use reasonable care in asserting otherwise.

30.     Plaintiff relied on BrightKey's negligent misrepresentation in accepting and continuing full-time employment.

31.     Plaintiff has suffered damages and will continue to suffer damages as a consequence of BrightKey's negligent misrepresentation.

Demand For Judgment

WHEREFORE plaintiff demands judgment:

A.      Backpay and/or frontpay;

B.      Damages in an amount to be determined;

C.      Attorney's fees and costs pursuant to 28 U.S.C. § 1920 and 42 U.S.C. §§ 1988 and

2000e-5(k), Maryland Code, State Government §§ 20-1015 and 20-1202(d), or any other

applicable authority; and

D..     Any other relief that is appropriate.

Dated:  January 3, 2022

/s/ Michael E. Rosman
Michael E. Rosman
Bar No. 19716
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
Phone: (202) 833-8400 x 104
Facsimile: (202) 833-8410
Email: rosman@cir-usa.org

7

JA24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY KREHBIEL, | * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. RDB-21-2927 |
| BRIGHTKEY, INC., | * | |
| | * | |
| DEFENDANT. | | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM OPINION

Plaintiff Gregory Krehbiel ("Krehbiel" or "Plaintiff") brings this employment-related case against Defendant BrightKey, Inc. ("BrightKey" or "Defendant") seeking monetary damages for discrimination based on his race and political opinion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't § 20-602, *et seq.*; and Howard County Code § 12.208. Krehbiel also asserts claims for breach of contract and negligent misrepresentation. Presently pending is Defendant BrightKey's Motion to Dismiss (ECF No. 20). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendant BrightKey's Motion to Dismiss (ECF No. 20) is GRANTED. Specifically, Plaintiff's employment discrimination claims in Count I of the Amended Complaint are DISMISSED WITH PREJUDICE, and Plaintiff's state law claims of political opinion discrimination, breach of contract, and negligent misrepresentation in Counts II, III and IV

are DISMISSED WITHOUT PREJUDICE, as this Court declines to exercise supplemental jurisdiction over them.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Gregory Krehbiel is a citizen of Maryland and a former employee of Defendant BrightKey, Inc., a Maryland corporation with its primary place of business in Howard County, Maryland. (Am. Compl., ECF No. 17 ¶¶ 3-4.) Krehbiel, who is white, is a "publishing, marketing, fulfillment, and operations professional." (*Id.* ¶¶ 3, 5.) In December 2019, BrightKey retained Krehbiel as a consultant. (*Id.*) In February 2020, BrightKey hired Krehbiel as a full-time employee with the title of Vice President of Operations. (*Id.*) Krehbiel's primary tasks in that role consisted of supervising and overseeing client support and warehouse operations. (*Id.*) Shortly after beginning work at BrightKey, Krehbiel received a $10,000 bonus in recognition of the excellence of his work. (*Id.*)

Outside of his work at BrightKey, Krehbiel hosted a podcast series with a friend in which the two assessed craft beers and discussed various issues of the day, including "controversial public issues." (*Id.* ¶ 6.) Before he began as a full-time employee at BrightKey, Krehbiel spoke with BrightKey President Rita Hope Counts to make her aware of the podcast and to ensure that it would not be objectionable to the company. (*Id.*) Krehbiel alleges that Counts told him that "what he did on his own time was his business and would

not affect his employment at BrightKey." (*Id.*) Krehbiel then accepted an offer of full-time employment at BrightKey. (*Id.* ¶ 7.)

In two podcast episodes released later in 2020, Krehbiel and his co-host discussed government policies regarding diversity initiatives and hate crimes legislation. (*Id.* ¶ 8.) Krehbiel "expressed skepticism" about the propriety of such policies. (*Id.*) These episodes attracted the attention of other BrightKey employees, "who objected strenuously to a white person like [Krehbiel] expressing such views." (*Id.* ¶ 9.) Those employees demanded that BrightKey terminate Krehbiel's employment and walked off their jobs in order to pressure BrightKey into taking such action. (*Id.* ¶¶ 9-10.) Krehbiel alleges that BrightKey "quickly acceded to the wishes of the objecting employees" and fired him. (*Id.* ¶ 11.) After he was fired, Krehbiel had difficulty finding work and lost income and his employer-supplied health insurance. (*Id.* ¶ 12.) He also suffered depression, insomnia, and emotional distress. (*Id.* ¶ 13.)

On December 22, 2020, Krehbiel timely filed an administrative complaint with the Howard County Office of Human Rights and Equity alleging discrimination on the basis of race and political opinion. (*Id.* ¶ 14.) Finding no discrimination, the Equal Employment Opportunity Commission issued Krehbiel a right to sue letter on or around October 6, 2021. (*Id.* ¶ 15.) On November 15, 2021, Krehbiel filed his original Complaint in this Court. (ECF No. 1.) On January 3, 2022, Krehbiel filed the operative Amended Complaint. (ECF No. 17.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

### I.    Race Discrimination Claims (Count I)

Plaintiff's race-based employment discrimination claims are subject to dismissal.

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual with respect to his [or her]

compensation, terms, conditions, or privileges of employment, because of such individual's

race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie

claim of race discrimination under Title VII, a plaintiff must show (1) membership in a

protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4)

more favorable treatment of someone outside the protected class with comparable

qualifications.[1] *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see also*

*Royster v. DeJoy*, Civil Action No. GLR-17-2495, 2020 U.S. Dist. LEXIS 159861, at *5 (D.

Md. Sep. 1, 2020). "A plaintiff need not allege each element of a *prima facie* case of disparate

treatment to withstand dismissal if the allegations in the complaint support a plausible claim

of discrimination."  *Adams v. Cameron*, Civil Action No. TDC-20-3739, 2021 U.S. Dist.

LEXIS 219387, at *21-22 (D. Md. Nov. 12, 2021) (citing *McCleary-Evans v. Md. Dep't of*

*Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015)).

Similarly, under Maryland's Fair Employment Practices Act ("MFEPA"), "an

employer may not fail or refuse to hire, discharge, or otherwise discriminate against any

---

[1] "Like Title VII, 42 U.S.C. § 1981 prohibits, *inter alia*, discrimination in employment on the basis of race." *Weathersbee v. Balt. City Fire Dep't*, 970 F. Supp. 2d 418, 428 (D. Md. 2013) (citing *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551-52 (4th Cir 2006)). In a case involving employment discrimination claims under both Title VII and § 1981, "the elements required to establish such a case are the same." *Weathersbee*, 970 F. Supp. 2d at 428 (citing *Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004)). Accordingly, this Court applies the same analysis to Plaintiff's claims under § 1981.

individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of the individual's race." Md. Code Ann., State Gov't § 20-606. "Title VII is the federal analog to [the MFEPA]" and guides interpretation of the MFEPA. *Town of Riverdale Park v. Ashkar*, 474 Md. 581, 255 A.3d 140, 159 (Md. 2021); *see Passwaters v. Wicomico Cnty.*, 824 F. App'x 171, 171-72 n.* (4th Cir. 2020). Accordingly, this Court will analyze Plaintiff's Title VII and MFEPA claims together.[2]

In this case, Plaintiff has failed to allege the necessary elements of a prima facie claim of race-based disparate treatment. While Plaintiff has adequately alleged 1) that he is white and therefore a member of a protected class; 2) that he was told that his job performance was satisfactory such that it merited a $10,000 bonus; and 3) that he suffered an adverse employment action when Defendant fired him, he has not sufficiently alleged that similarly situated employees outside of his protected class received more favorable treatment. Indeed, Plaintiff has not alleged the existence of any similarly situated comparator. *See Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010) (noting that Title VII "plaintiffs are required to show that they are similar in all relevant respects to their comparator").

Nevertheless, "[i]n the context of a Title VII case, 'an employment discrimination plaintiff need not plead a *prima facie* case of discrimination' to survive a motion to dismiss." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Swierkiewicz*, 534 U.S. at 515). A plaintiff is only "required to allege facts to satisfy the elements of a cause of action

---

[2] Race-based employment discrimination claims brought pursuant to Howard County Code § 12.208 are analyzed under this same framework. *See Rodriguez v. Cellco P'ship*, No. WDQ-11-3299, 2012 U.S. Dist. LEXIS 97738, at *10 (D. Md. July 12, 2012) (analyzing Howard County Code race discrimination claims under the standards of the MFEPA).

created by [the Title VII] statute." *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585

(4th Cir. 2015). In this case, however, Plaintiff has failed to allege facts that show that he was

terminated because of his race. The United States Court of Appeals for the Fourth Circuit

has held that Title VII does not "limit the discrimination inquiry to the actions or statements

of formal decisionmakers for the employer." *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d

277, 290 (4th Cir. 2004). The Fourth Circuit, though, has "decline[d] to endorse a

construction of the discrimination statutes that would allow a biased subordinate who has no

supervisory or disciplinary authority and who does not make the final or formal employment

decision to become a decisionmaker simply because he had a substantial influence on the

ultimate decision or because he has played a role, even a significant one, in the adverse

employment decision." *Id.* at 291. Plaintiff alleges merely that biased employees pressured

Defendant into firing him. He does not allege that those employees had any supervisory or

disciplinary authority or that any of them made the formal decision to terminate him.

Indeed, he makes no allegation about the positions those employees held at BrightKey.

Accordingly, this Court concludes that Plaintiff has failed to allege facts "that plausibly state

a violation of Title VII above a speculative level." *Bing*, 959 F.3d at 617 (citing *Coleman v. Md.

Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010)). Plaintiff's race-based discrimination claims are

therefore DISMISSED WITH PREJUDICE.

## II.    Political Opinion Discrimination Claim (Count II)

In Count II, Plaintiff claims that BrightKey discriminated against him on the basis of

his political opinion in violation of the Howard County Code. Section 12.208 of the Howard

County Code provides that "it shall be unlawful if, because of discrimination, an employer

discharges a person." That section defines discrimination as "acting or failing to act, or unduly delaying any action regarding any person because of," among other things, "political opinion." Howard County Code, § 12.208. "Title VII," however "has no proscription against private employers making the terms and conditions of employment contingent on political beliefs or behavior." *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 698 (D. Md. 2017). Accordingly, for the reasons stated below, this Court declines to exercise supplemental jurisdiction over this claim. Count II of the Amended Complaint is therefore DISMISSED WITHOUT PREJUDICE.

### III.    Breach of Contract (Count III) and Negligent Misrepresentation (Count IV) Claims

As all of Plaintiff's federal claims, over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, are subject to dismissal, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims for breach of contract and negligent misrepresentation. 28 U.S.C. § 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *See also Hilliard v. Kaiser Found. Health Plan of the Mid—Atlantic States*, 169 F. Supp. 2d 416, 418-19 (D. Md. 2001). The United States Supreme Court has cautioned against the use of supplemental jurisdiction and suggested that in cases where the federal claims are dismissed before trial, "the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Walker v. City of Salisbury*, 170 F. Supp. 2d 541, 552 (D. Md. 2001) (declining to exercise pendent jurisdiction over plaintiffs' remaining state law claims when the court granted defendants' motion to dismiss all of plaintiffs' federal claims). In this case, Plaintiff's breach of contract and negligent

misrepresentation claims sound in Maryland state law. Moreover, unlike Plaintiff's state law

employment discrimination claims, his breach of contract and negligent misrepresentation

claims are not analyzed under any applicable federal legal framework. Accordingly, this

Court declines to exercise supplemental jurisdiction over these claims, and they are

DISMISSED WITHOUT PREJUDICE to Plaintiff's ability to raise them in state court.

## CONCLUSION

For the reasons stated above, Defendant BrightKey's Motion to Dismiss (ECF No.

20) is GRANTED. Specifically, Plaintiff's employment discrimination claims in Count I of

the Amended Complaint are DISMISSED WITH PREJUDICE,[3] and Plaintiff's state law

claims for political opinion discrimination, breach of contract, and negligent

misrepresentation in Counts II, III, and IV are DISMISSED WITHOUT PREJUDICE, as

this Court declines to exercise supplemental jurisdiction over them.

A separate Order follows.

Dated: March 4, 2022

_____/s/_____

Richard D. Bennett
United States District Judge

---

[3] Given that Plaintiff had an opportunity to amend his initial Complaint, dismissal with prejudice of these claims is appropriate. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825-26 (D. Md. 2013) (noting that determination of whether dismissal should be with prejudice is within district court's discretion); *Kitchings v. Integral Consulting Servs., Inc.*, No. PWG-19-3374, 2021 U.S. Dist. LEXIS 146980, at *9-10 (D. Md. Aug. 5, 2021).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY KREHBIEL, | * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No. RDB-21-2927 |
| BRIGHTKEY, INC., | * | |
| | * | |
| DEFENDANT. | | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is HEREBY

ORDERED this 4th day of March, 2022, that:

1. Defendant BrightKey's Motion to Dismiss (ECF No. 20) GRANTED.
   Specifically, Plaintiff's employment discrimination claims in Count I of the
   Amended Complaint are DISMISSED WITH PREJUDICE, and Plaintiff's state
   law claims of political opinion discrimination, breach of contract, and negligent
   misrepresentation in Counts II, III and IV are DISMISSED WITHOUT
   PREJUDICE, as this Court declines to exercise supplemental jurisdiction over
   them;

2. This Clerk of this Court shall transmit a copy of this Order to counsel of record;
   and

3. The Clerk of this Court shall CLOSE THIS CASE.


_____/s/_____

Richard D. Bennett
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION
-----------------------------------------------------x

GREGORY KREHBIEL,                          :

    Plaintiff,                              :

      -against-                          :   Case No. 1:21-cv-02927-RDB

BRIGHTKEY, INC.,                            :

    Defendant.                             :

-----------------------------------------------------x

## NOTICE OF APPEAL

Plaintiff hereby appeals to the Fourth Circuit Court of Appeals from the order entered on March 4, 2022 (D.E. 27).

Dated:  April 1, 2022

*/s/ Michael E. Rosman*
Michael E. Rosman
Bar No. 19716
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
Phone: (202) 833-8400
Facsimile: (202) 833-8410
Email: rosman@cir-usa.org

JA35